

February 11, 2022

The Honorable Nicholas G. Garaufis
United States Courthouse
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** **Request for Pre-Motion Conference in *Roberts et al. v. Bassett et al.*, 22-cv-00710-NGG-RML**

Dear Judge Garaufis:

Pursuant to this Court's rules, Plaintiffs Jonathan Roberts and Charles Vavruska respectfully request permission to file their Motion for Preliminary Injunction.[1] Plaintiffs have prepared their motion and request permission to file it as soon as practicable. Given that Plaintiffs seek to enjoin Defendants' race-based rationing of scarce COVID-19 treatments during an unpredictable pandemic, Plaintiffs respectfully request expedited briefing in this case.

I.   **Factual Background**

New York is currently experiencing supply shortages of promising COVID-19 treatments, such as Paxlovid, Molnupiravir, and monoclonal antibodies. Amid this scarcity, and in the middle of a surge in COVID-19 cases prompted by the Omicron variant, both the New York State Department of Health and New York City Department of Health and Mental Hygiene have directed

---

[1] Although Plaintiffs' counsel are prepared to appear in person, they respectfully request leave to hold the pre-motion conference either by telephone or videoconference.

The Honorable Nicholas G. Garaufis
February 11, 2022
Page 2

providers to allocate treatment based on various risk factors, including chronic disease, cancer, heart conditions, diabetes, obesity, and race. This lawsuit seeks to invalidate Defendants' use of race as an independent risk factor

On December 27, 2021, the New York State Department of Health published a document setting eligibility for COVID-19 treatments and directing New York health care providers and facilities to follow its guidance for prioritizing patients. *See* Complaint, Exh. A, "COVID-19 Oral Antiviral Treatments Authorized and Severe Shortage of Oral Antiviral and Monoclonal Antibody Treatment Products." It noted "severe resource restrictions" and "extremely limited supply," requiring providers to prioritize treatment based on their risk of suffering severe illness. *Id.* In a subsequent guidance document, the Department provided more detailed instructions for how providers should allocate the scarce treatments to individuals who need them. *See* Prioritization of Anti-SARS-CoV-2 Monoclonal Antibodies and Oral Antivirals for the Treatment of COVID-19 During Times of Resource Limitations." *See* Complaint, Exh. B ("Guidance"). The guidance gives a non-white or Hispanic individual priority to the scarce treatments over a white individual that is the same age, has the same risk factors, and is similarly situated in every single way except for race. The City of New York issued its own guidance around the same time. The City instructs providers to "[a]dhere to New York State Department of Health (NYS DOH) guidance on prioritization of high-risk patients for anti-SARS-CoV-2 therapies during this time of severe resource limitations," and to "consider race and ethnicity when assessing an individual's risk." *See* Complaint, Exh. C.

Plaintiffs are lifelong New Yorkers who wish to be able to obtain COVID-19 treatments in the event that they are needed. Because Plaintiff Jon Roberts is 61 years old and fully vaccinated

The Honorable Nicholas G. Garaufis
February 11, 2022
Page 3

with no known risk factors for severe illness that could result from COVID-19, he does not qualify for treatment because of his race. *See* Complaint, Exh. B (showing that an identically situated individual who is not white would qualify in tier 1E). Plaintiff Charles Vavruska was hospitalized with COVID for 10 days in March 2020. Because he is white, he is disadvantaged compared to similarly situated non-white individuals in accessing COVID-19 treatments.

II.     **Legal Basis for Plaintiffs' Motion for Preliminary Injunction**

A preliminary injunction is warranted. Plaintiffs are likely to succeed on their claim that Defendants' race-based allocation of COVID-19 treatments violates the Equal Protection Clause of the Fourteenth Amendment. Defendants' use of race in allocating COVID-19 treatments is subject to strict scrutiny. Under this demanding standard, "the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Johnson v. California*, 543 U.S. 499, 505 (2005) (quotations omitted).

Defendants cannot meet either the compelling interest or narrow tailoring prongs of strict scrutiny. The Supreme Court has recognized only two interests as compelling enough to justify racial classifications: (1) remedying the past effects of de jure discrimination; and (2) diversity in higher education. *See Parents Involved in Community Schools v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720–22 (2007). Neither is applicable here. Nor can Defendants rest on a previously unrecognized interest because they have not — and cannot — establish the "factual predicate" for their race-based directives. *See City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 498 (1989). Defendants' use of race is also unconstitutional because it fails the requirement of narrow tailoring. A narrowly tailored law must provide "individualized consideration" and use race "in a flexible, nonmechanical way." *Grutter v. Bollinger*, 539 U.S. 306, 334 (2003). Defendants, however, use

The Honorable Nicholas G. Garaufis
February 11, 2022
Page 4

race in a rigid, mechanical manner—as one risk factor for *every* non-white individual. Defendants also failed to give serious consideration to workable race-neutral alternatives. *Id.* at 339. One such alternative is to distribute scarce COVID-19 treatment in the same way as many other states facing the very same issue: by resorting solely to objective, race-neutral factors such as age and chronic disease.

All of the other factors for granting a preliminary injunction are met. New York is still operating under limited supplies of COVID-19 treatments, and race is plainly used as a factor in deciding how to distribute the treatments in times of scarcity. Moreover, the deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The balance of equities tips in Plaintiffs' favor. Absent a preliminary injunction, Defendants' directives will continue to affect the ability of Plaintiffs and other New Yorkers to access scarce COVID-19 treatments. By contrast, a preliminary injunction will allow Defendants to continue to allocate scarce treatment on the basis of all of the factors that they currently use with the exception of race. Finally, a preliminary injunction is in the public interest, which "requires obedience to the Constitution" *Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir. 1980).

For the foregoing reasons, Plaintiffs request a pre-motion conference at this Court's earliest convenience.

The Honorable Nicholas G. Garaufis
February 11, 2022
Page 5

|  |  |
|---|---|
| JONATHAN M. HOUGHTON, <br> E.D. N.Y. ID No. JH 5334 <br> N.Y Bar No. 2955326 <br> Pacific Legal Foundation <br> 3100 Clarendon Blvd., Suite 610 <br> Arlington, VA  22201 <br> Telephone:  (916) 419-7111 <br> Facsimile:  (916) 419-7747 <br> JHoughton@pacificlegal.org | _s/ Wencong Fa_ <br> WENCONG FA, Cal. Bar No. 301679* <br> ANASTASIA P. BODEN, <br> Cal Bar No. 281911* <br> CALEB R. TROTTER, <br> Cal. Bar. No. 305195* <br> Pacific Legal Foundation <br> 555 Capitol Mall, Suite 1290 <br> Sacramento, CA  95814 <br> Telephone:  (916) 419-7111 <br> Facsimile:  (916) 419-7747 <br> WFa@pacificlegal.org <br> ABoden@pacificlegal.org <br> CTrotter@pacificlegal.org |

*Counsel for Plaintiffs*
*\*Admitted Pro hac vice or pro hac vice pending*

The Honorable Nicholas G. Garaufis
February 11, 2022
Page 6

## AFFIRMATION OF SERVICE

I, Wencong Fa, declare under penalty of perjury that I caused the foregoing to be served on the Defendants in this matter in the following manner:

By Certified Letter

>Mary T. Bassett
>Commissioner
>New York State Department of Health
>Corning Tower
>Empire State Plaza,
>Albany, NY 12237

By email, per request published on the Defendant's website:

>New York City Department of Health and Mental Hygiene
>125 Worth Street
>New York, NY 10013
>OGC@health.nyc.gov

Respectfully submitted this 11th day of February, 2022.

                                     s/ Wencong Fa
                                     WENCONG FA
                                     *Counsel for Plaintiffs*
                                     **Pro Hac Vice*