STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6536

March 8, 2022

**By ECF**
Honorable Nicholas G. Garaufis
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   RE:   *Roberts et al. v. Bassett et al.*, 22-CV-710

Dear Judge Garaufis:

   This Office represents defendant Mary T. Bassett, Commissioner of the New York State Department of Health ("DOH"), in the above-captioned matter. Pursuant to the Court's Individual Rule V(A)(2)-(3), I write to request (1) a pre-motion conference regarding DOH's proposed motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; and (2) an extension of DOH's time to answer the Complaint until 45 days after the Court has ruled on DOH's proposed motion to dismiss.

   Plaintiffs Jonathan Roberts and Charles Vavruska bring this action pursuant to 42 U.S.C. § 1983 challenging, as relevant here, guidance issued by DOH to medical providers in late December 2021 regarding new COVID-19 therapies given emergency use authorization by the United States Food and Drug Administration ("FDA") to treat patients with mild-to-moderate COVID-19 who are at high risk for progression to severe disease ("the Therapies"). *See* Exs. B & C to Compl. ("DOH Guidance"). The DOH Guidance recommends that, during times of resource limitations, providers prioritize treatment based on their patients' level of risk of progressing to severe COVID-19. *See id.* The DOH Guidance further recommends that providers consider non-white race or Hispanic/Latino ethnicity as a risk factor, *see id.*, a suggestion that tracks recommendations from the Centers of Disease Control and Prevention ("CDC") and stems from the well-documented finding that non-white race and Hispanic/Latino ethnicity are known risk factors for developing severe illness from COVID-19. *See* Dkt. No. 23 ("Heslin Decl.") ¶ 15.[1]

   Plaintiffs, who self-identify as white, non-Hispanic individuals under age 65, do not allege that they have COVID-19, that they have ever sought the Therapies to treat for COVID-19, or that

---

[1] On a motion to dismiss the Complaint pursuant to Rule 12(b)(1), DOH may proffer – and the Court may consider – matters outside the pleadings and its exhibits, including declarations. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).

they have ever been denied treatment with the Therapies due to their race or ethnicity, or for any other reason. Although the DOH Guidance was issued when doses of the Therapies were in short supply and the Omicron wave was at its peak, it is undisputed that there is no current shortage of the Therapies in New York, and DOH is encouraging <u>any</u> individual who believes they may need the treatments to contact to their practitioner to have the appropriate clinical discussion. *See* Heslin Decl. ¶¶ 28-29; Dkt. No. 31. Plaintiffs nevertheless maintain this action seeking, *inter alia*, a judgment declaring that the inclusion of non-white race and Hispanic/Latino ethnicity as a risk factor in the DOH Guidance violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; a permanent injunction prohibiting DOH from including race and ethnicity as a risk factor; and nominal damages. *See* Compl. (prayer for relief).

DOH's proposed motion seeks to dismiss all claims asserted against it for lack of subject matter jurisdiction on the grounds that they do not raise an Article III case or controversy because Plaintiffs lack standing and their claims are moot. DOH also intends to move to dismiss on the alternative ground that the Complaint fails to state a viable Equal Protection claim.[2]

### A. **The Court Lacks Subject Matter Jurisdiction Over This Case Because Plaintiffs Lack Standing and Their Claims Are Moot**

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cr. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Lack of standing constitutes a jurisdictional defect and "may be addressed through a Rule 12(b)(1) motion." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016). Likewise, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action," and the court must dismiss it. *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 79, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)).

Primarily, this action should be dismissed for lack of subject matter jurisdiction because Plaintiffs failed to meet their burden of alleging <u>any</u> facts "that affirmatively and plausibly suggest that [they] ha[ve] standing" to challenge the DOH Guidance. *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (internal quotation mark omitted). Plaintiffs' conclusory allegations that the DOH Guidance "disadvantage[s]" them as white people and imposes a "barrier" to their access to the Therapies, Compl. ¶¶ 37-38, are insufficient to establish standing for their Equal Protection claims. *See Comer v. Cisneros*, 37 F.3d 775, 793 (2d Cir. 1994). The DOH Guidance "is not a mandate"; it does not replace practitioners' "clinical judgment, and does not prevent any patient from receiving necessary treatment." Heslin Decl. ¶¶ 24, 27. The DOH Guidance merely recommends that practitioners consider non-white race or Hispanic/Latino ethnicity as a risk factor for severe illness when considering whether to prescribe the Therapies, which the FDA has authorized only to treat patients who are at high risk for progression to severe COVID-19. It then provides a framework—which applies <u>only</u> during

---

[2] DOH raised similar arguments in opposition to Plaintiffs' motion for a preliminary injunction, which is currently pending before the Court. *See* Dkt. Nos. 19, 22-23.

times of resource limitations that do not currently exist—for practitioners to prioritize treatment doses for patients at the highest risk of severe illness and death from COVID-19. DOH's recommendation that practitioners consider all known risk factors when evaluating each individual patient, including race and ethnicity, is supported by abundant, objective data, and contrary to Plaintiffs' claims, it does not create a barrier for Plaintiffs, or anyone similarly situated, from receiving the Therapies in the unfortunate event that they contract COVID-19. Heslin Decl. ¶ 30. Because Plaintiffs "do not face any barrier that impedes their ability to obtain any benefit," they cannot establish standing on this basis. *Youth Alive v. Hauppauge Sch. Dist.*, No. 08-CV-1068, 2012 WL 4891561, at *3 (E.D.N.Y. Oct. 15, 2012).

In addition to failing to allege a cognizable injury, Plaintiffs have not established the traceability and redressability elements of standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Although Plaintiffs believe their practitioners <u>might</u> not prescribe the Therapies even if they were to contract COVID-19, this hypothetical outcome is not "fairly traceable" to the non-mandatory DOH Guidance and would instead be attributable to their practitioners' exercise of independent clinical judgment. *Id.* Plaintiffs' alleged injury also is not "likely to be redressed by a favorable judicial decision." *Id.* Even if the Court struck the mention of race or ethnicity from the DOH Guidance, practitioners can still consider widely publicized, objective data showing that race and ethnicity is a risk factor for hospitalization and death from COVID-19, as well as independent guidance from the CDC, which advises healthcare providers that race and ethnicity are risk factors for severe COVID-19.

Even if Plaintiffs could have established standing based on the circumstances that were in effect when the DOH Guidance was issued in late December 2021—and they could not—those circumstances are no longer in effect, and their claims are now moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). The DOH Guidance states that its recommended prioritization of high-risk patients applies only "during times of resource limitations." *See* DOH Guidance. There is no current shortage of the Therapies in New York, and DOH has made clear that every patient is eligible to receive the Therapies if their practitioner determines the treatment is clinically appropriate. Plaintiffs also cannot show that the "severely circumscribed" capable-of-repetition exception to mootness applies here, as they have not identified facts establishing (1) a "reasonable expectation"—rather than mere speculation—that a future supply shortage will occur; and (2) that the future hypothetical shortage would be "too short" in duration for them to bring a new challenge. *See Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998). Finally, the fact that Plaintiffs seek to recover nominal damages does not "stave off a dismissal for mootness" because the Eleventh Amendment bars the award of money damages against state officials sued in their official capacities. *Fox,* 42 F.3d at 141; *see Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003). It is well-established that an official capacity suit against a state official can only be brought to seek prospective, injunctive relief based on an alleged on-going violation of federal law. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Accordingly, Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction.

### B. **The Complaint Fails to State an Equal Protection Claim Against DOH**

Even if Plaintiffs could show that the Court has subject matter jurisdiction—which they

cannot—their Equal Protection claims against DOH should be dismissed pursuant to Rule 12(b)(6). Briefly, Plaintiffs have not plausibly alleged that the DOH Guidance creates a "racial classification" implicating the Equal Protection Clause and provoking strict scrutiny review, *see Brown v. City of Oneonta*, 221 F. 3d 329, 337 (2d Cir. 2000), or that DOH lacked a rational basis for recommending that practitioners consider non-white race or Hispanic/Latino ethnicity as a risk factor for severe illness and death from COVID-19 when considering whether to prescribe the Therapies. *See Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). Alternatively, Plaintiffs' Equal Protection claims would still fail if the Court applied strict scrutiny because the inclusion of race and ethnicity as a risk factor in the DOH Guidance is narrowly tailored to achieve a compelling state interest. *See Grutter v. Bollinger*, 539 U.S. 306, 343 (2003).

For the foregoing reasons, DOH respectfully requests a pre-motion conference regarding its proposed motion to dismiss, as well as an extension of time to answer the Complaint until 45 days after the Court has ruled on the proposed motion to dismiss.

                /s/
                Erin Kandel
                Assistant Attorney General

cc: All counsel via ECF