

**Hon. Sylvia Hinds-Radix**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Samantha Schonfeld**
phone: (212) 356-2183
fax: (212) 356-2019
email: sschonfe@law.nyc.gov

March 8, 2022

**By ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Jonathan Roberts et al. v. Mary T. Bassett et al.</u>
           22-CV-00710 (NGG)(RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendant the New York City Department of Health and Mental Hygiene ("DOHMH"), in the above-referenced action. Pursuant to the Court's Individual Rule V(A)(2)-(3), I write to request: (1) a pre-motion conference on DOHMH's proposed motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"); and (2) an extension of DOHMH's time to answer the Complaint until forty-five (45) days after the Court has ruled on DOHMH's proposed motion to dismiss.[1]

**Factual Background**

      Plaintiffs, two individuals who identify as white males, commenced this action pursuant to 42 U.S.C. § 1983 challenging guidance issued by the New York State Department of Health and DOHMH (collectively the "Challenged Guidance"). The Challenged Guidance was issued on December 27, 2021 and was created to inform hospitals and medical care providers of newly authorized oral antiviral medicines and monoclonal antibody products for the treatment of COVID-19. The Challenged Guidance further established eligibility criteria for use of these

---

[1] Pursuant to docket entry No. 7, it appears that the deadline for DOHMH's time to answer or otherwise respond to the Complaint was March 2, 2022, although there is some confusion regarding when exactly DOHMH was served with the Complaint. As none of the parties would be prejudiced by DOHMH's filing of the instant pre-motion letter today (indeed DOHMH has been actively appearing in opposition to Plaintiffs' motion for a preliminary injunction), DOHMH respectfully requests that the Court accept this pre-motion letter nunc pro tunc.

treatments in times of supply shortages. One of the criteria set forth in the Challenged Guidance is that a patient have "a medical condition or other factors that increase their risk for severe illness," and that "[n]on-white race or Hispanic/Latino ethnicity should be considered a risk factor, as longstanding systemic health and social inequities have contributed to an increased risk of severe illness and death from COVID-19." See Complaint (Dkt. No 1), Exs. A, C.

### The Case is Moot as Against DOHMH

As represented to the Court at the March 2, 2022 oral argument on Plaintiffs' motion for a preliminary injunction, the DOHMH guidance challenged by Plaintiffs is no longer in effect and has been superseded by a February 1, 2022 Health Advisory Note ("HAN") entitled "Paxlovid is Available for COVID-19 Treatment in New York City." Accordingly, as the December 27, 2021 DOHMH guidance is no longer in effect, any claims challenging it are necessarily moot. See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000).

### Plaintiffs Lack Standing

Pursuant to Rule 12(b)(1) of the FRCP, the complaint should be dismissed because Plaintiffs lack standing. To establish Article III standing, "a plaintiff must [] allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003). Here, there is no case or controversy, as Plaintiffs have not suffered an actual or imminent injury in fact. See Warth v. Seldin, 422 U.S. 490, 498 (1975). Indeed, Plaintiffs have not alleged that they had COVID-19 and were denied antiviral treatments, and it is possible that they will never contract COVID-19. Furthermore, even if Plaintiffs did contract COVID-19, their symptoms may not warrant the use of the oral antiviral therapies and monoclonal antibody products at issue here. Regardless, however, the Challenged Guidance does not prevent a medical provider from exercising her clinical judgment and prescribing the antivirals to Plaintiffs. The Challenged Guidance is just that—guidance, and not a law, mandate or order. Additionally, new COVID-19 treatments have recently come on the market. If Plaintiffs contract COVID-19 in the future, it is possible that they and/or their doctors would choose a different treatment. Finally, if Plaintiffs were to contract COVID-19 today, and required the use of oral antivirals or monoclonal antibody treatments, there is no longer a supply shortage of these treatments and no reason to believe that Plaintiffs would not be able to access treatment. Thus, Plaintiffs have failed to demonstrate a "direct risk of harm which rises above mere conjecture." Baur, 352 F.3d at 636.

In equal protection cases involving race-based classifications, an injury-in-fact occurs "when the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group." Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666 (1993). "The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." Id. Contrary to Plaintiffs' allegations, the Challenged Guidance does not and did not create a barrier to obtaining a benefit. Race and ethnicity is just one of many risk factors that a medical provider may consider. Plaintiffs' assertions that they would be deemed ineligible for the antiviral treatments based upon the Challenged Guidance while a non-white or Hispanic person with the same age, vaccination

status, and lack of other risk factors would be found eligible is not plausible. As noted above, a medical provider could exercise her clinical judgment and prescribe the antivirals to Plaintiffs. Significantly, Plaintiffs have not alleged a single instance in which they are aware that an individual with COVID-19 who sought antiviral treatment was denied treatment, let alone denied treatment because she was non-Hispanic white.

**Plaintiffs' Equal Protection Claim Fails**

Even if the Court were to find that Plaintiffs have standing, Plaintiffs fail to state a claim that the Challenged Guidance violates the Equal Protection Clause under the federal Constitution, thus warranting dismissal of the Complaint pursuant to Rule 12(b)(6) of the FRCP. The Challenged Guidance is subject to rational basis review because it does not create a racial classification, or "a governmental standard, preferentially favorable to one race or another, for the distribution of benefits." Hayden v. Cty. of Nassau, 49 (2d Cir. 1999) (internal citation omitted). It is merely guidance that suggests that race and ethnicity is one of many factors to take into account when clinically assessing a patient's need for antiviral treatments. Individually-licensed medical providers ultimately exercise their own clinical judgment in determining whether to prescribe an antiviral treatment. Furthermore, the Challenged Guidance withstands rational basis review because it is rationally related to the City's legitimate interest in protecting public health by preventing the most severe forms of illness and death from COVID-19; ensuring that life-saving treatments be distributed to those at the highest risk; and preventing City hospitals from becoming overburdened. See Clementine Co. LLC v. De Blasio, 2021 U.S. Dist. LEXIS 232058, *39–*40 (S.D.N.Y. Dec. 3, 2021) (finding a compelling government interest in protecting public health).

Even if strict scrutiny were applied, the Challenged Guidance passes constitutional muster as it serves a compelling government interest in protecting public health by preventing the most severe forms of illness and death in the communities that have disproportionately suffered from COVID-19. The Challenged Guidance is narrowly tailored because it accurately reflects scientific studies that show that race or ethnicity is one of many separate risk factors for COVID-19. Furthermore, it allows for individual assessments of each individual patient, does not supersede the clinical judgment of licensed medical providers, and was issued as a temporary measure to address an emergency shortage.[2]

Respectfully submitted,

/s/ *Samantha Schonfeld*

Samantha Schonfeld
Assistant Corporation Counsel

cc:   Attorneys for all parties (via ECF)

---

[2] DOHMH reserves the right to include additional arguments in its formal motion to dismiss the Complaint.